# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS WILLIAM DORSHER,** *et al.*<br><br>Defendants. | Case No. 2:22-cr-463<br><br>**PROTECTIVE ORDER**<br><br>Hon. Clark Waddoups |

Upon the stipulated motion of the United States, the Court being advised as to the nature of this case, it is hereby ORDERED:

1. **Disclosure Material**. The government will disclose to the defendant(s) documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the government's general obligation to produce exculpatory and impeachment information in criminal cases, all of which will be referred to herein as "disclosure material." The government's disclosure material may include material that (i) affects the privacy and confidential interests of individuals; (ii) would impede, if prematurely disclosed, the government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery**. The entry of this order will permit the government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material may be produced by counsel to:
   (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed or retained by counsel, as needed for purposes of defending this action;
   (b) Prospective witnesses for purposes of defending this action;
   (c) The litigation support expert appointed in this case and his or her employees and any vendors he or she may engage in the course of her duties;

5. The government may authorize, in writing, further disclosure of disclosure material beyond that otherwise permitted by this Order without further order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings shall comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The government has advised that information that may be subject to disclosure in this case may be contained within ESI that the government has seized (the "seized ESI disclosure material"), pursuant to warrants issued during the course of this investigation, from cell phones, devices, stored media, and providers of electronic communication services and remote computing services.

8. The government has also advised that it has forensic copies of the computers, datasets, or other electronic storage media from which the ESI was seized ("forensic data").

9. The government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the seized ESI disclosure material and the forensic data from which the seized ESI disclosure material originated. Defense counsel, and personnel for whose conduct counsel is responsible, i.e.,

personnel employed by or retained by counsel, may review the seized ESI disclosure material and the forensic data to identify items pertinent to the defense. Other than as set forth below in paragraph ten, the defendant(s) may not review the forensic data. They shall not further disseminate or disclose any portion of the seized ESI disclosure material or forensic data except as otherwise set forth in this Order.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant. This Order also places no restriction on a defendant's ability to copy or have unsupervised access to ESI that originally belonged to that defendant.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed or will disclose disclosure material or the government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of this case.

All counsel reserve the right to seek modification or changes with the government and the Court after a full review of the discovery provided and all parties acknowledge that the terms and scope of this Order may be modified by motion of counsel for either the defense or the government and authorization of the Court. The Court retains jurisdiction to modify this Order, upon motion, even after the conclusion of district court proceedings in this case.

Dated: January 31, 2023.

_____
HONORABLE CLARK WADDOUPS
United States District Judge