UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS WILLIAM DORSHER, et al.<br><br>Defendant. | ORDER CONTINUING TRIAL AND EXCLUDING TIME FROM SPEEDY TRIAL CALCULATIONS<br><br><br>Case No. 2:22-cr-00463-JNP |

The court held a status conference on August 8, 2024. All parties appeared via Zoom. The government was represented by Carl D. LeSueur and Sachiko Jepson. Mr. Dorsher was present and represented by his attorney, Adam G. Bridge. Based on defense counsel's motion to continue trial 90 days and exclude time from speedy trial calculations, the court makes the following findings:

1. On November 22, 2022, the grand jury returned an indictment charging Mr. Dorsher with: Conspiracy to Commit Computer Fraud, in violation of 18 U.S.C. § 371; Transmission of a Program, Command, Information, or Code Damaging a Protected Computer, in violation of 18 U.S.C. § 1030(a)(5)(A); Extortion in Connection with Damage to a Protected Computer, in violation of 18 U.S.C. § 1030(a)(7)(C); and Repeated Phone Calls to Harass, in violation of 18 U.S.C. § 223(a)(1)(E). ECF No. 1.

2. After Rule 5 proceedings in the District of North Dakota, the court arraigned Mr. Dorsher on January 9, 2023, which triggered the Speedy Trial Act. ECF Nos. 7, 10.

3. The court has granted 7 prior motions to continue. ECF Nos. 27, 46, 50, 52, 54, 56, 63.

4. A five-day jury trial is currently set for November 4, 2024. ECF No. 63.

5. Fifty-seven days have elapsed for speedy trial purposes.

6. Mr. Dorsher is on pretrial release and agrees with the proposed continuance.

7. There is one codefendant who has not appeared in the case.

8. Mr. Dorsher moves for an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A). The parties have been unable to reach a plea agreement. To adequately prepare for trial, defense counsel needs additional time to inspect and review 22 terabytes of information with an expert. Defense counsel also has a significant criminal sentencing set at the end of September 2024 which will preclude him from giving Mr. Dorsher's case the adequate time necessary to present a constitutionally sufficient defense.

Based on these findings, the court concludes that failure to grant a continuance would deny Mr. Dorsher continuity of counsel and the reasonable time necessary for effective preparations, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the ends of justice served by continuing trial outweigh the interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, Mr. Dorsher's motion to continue is GRANTED. The court continues the five-day jury trial set for November 4, 2024, to February 3, 2025. The court sets an in-person final pretrial conference for January 27, 2025 at 2:00 p.m. The court excludes the time between the date of this order and the new trial date from speedy trial calculations under 18 U.S.C. § 3161(h)(7)(A).

Dated August 8, 2024.

BY THE COURT:

_____
Jill N. Parrish
United States District Judge