TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

JAN 3 1 2025

GARY P. SEDAR
CLERK OF COURT

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:22-cr-463 |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| vs. | |
| THOMAS WILLIAM DORSHER, AKA "SCAMMERBLASTER" | Judge Jill N. Parrish |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.  As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Count 1 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove to convict me. The elements of Count 1, conspiracy to commit computer fraud are:

    *First*: the defendant agreed with at least one other person to violate the law.

    *Second*: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

    *Third*: the defendant knew the essential objective of the conspiracy.

*Fourth*: the defendant knowingly and voluntarily participated in the conspiracy.

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

The elements of computer fraud and abuse in violation of 18 U.S.C. § 1030(a)(5)(A), the alleged object of the conspiracy, are:

*First*, that the defendant or his codefendants would knowingly cause the transmission of a program, information, code, or command,

*Second*, intentionally cause damage without authorization to a computer as a result of that transmission;

*Third*, the damaged computer was a protected computer (which includes a communications facility directly related to or operated in conjunction with a computer that is used in interstate or foreign commerce).

2.  I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 371, is a term of imprisonment of five years, a fine of $250,000, a term of supervised release of 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to 18 U.S.C. § 3663.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.  I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> From on or about a date no later than October 31, 2018 and continuing until about November 22, 2022, I agreed with at least one other person to violate the law. I understood the essential objective of the agreement was to attack and disrupt the functioning of telephone systems. The telephone systems were in fact operated by computers affecting interstate commerce and in conjunction with computers affecting interstate commerce. I understood that from my own experience operating telephone systems. I agreed with more than five other people to conduct these attacks.
>
> Different members of the conspiracy joined and left the conspiracy over time. I was the leader of those participating in ScammerBlaster operations, even though I was not always aware of every detail of the acts being carried out by members of the conspiracy. I provided others access to my "scammerblaster" servers to help conduct these attacks. I also deployed my "scammerblaster" attacks myself on telephone systems identified to me by other participants in this conspiracy.
>
> The members of the conspiracy depended upon each other to carry out different roles. Some members helped operate the scammerblaster website, where we both solicited phone numbers to target with the attacks and provided contact information to our followers of phone company employees for them to call and complaint to. Some members would participate in calling or emailing the anticipated targets to threaten them with an attack. Some would make harassing phone calls to intimidate and harass, including what we called "ear rape," where a very loud and potentially damaging sound is played into the ear of the person who picks up the phone. Other members of the conspiracy provided and deployed tools to operate designated denial of service attacks (DDoS), where computers were used to make requests of a target IP address hosted by a server. Some of us would acquire phone numbers and software we could use to perform the "call flooding" attacks, which would make a high volume of calls to a phone number associated with a server operating a call center. And some of us would then execute those attacks.
>
> It was the intent of these DDoS and "call flooding" attacks to disrupt the functioning of the computer servers targeted. We chose the targets of our

4

attacks based upon our belief that they were operating a scam, or that they were telephone providers whose services were used by scammers.

I understood and expected that these attacks would be costly to the targets of the attacks. I also earned income from these attacks, including at least $291,123.02 paid to my company Charitel.

Members of this conspiracy took overt acts in furtherance of the conspiracy, which were reasonably foreseeable to me, including the following:

- publishing a website to invite people to identify targets for attack;

- making threats and demands in the District of Utah and elsewhere against Vivint, Inc., including a demand for a $5,000 "donation" to ScammerBlaster;

- launching attacks in the District of Utah and elsewhere perpetrated by sending electronic signals to the telephone system of Vivint, Inc. and its VPN computer server with the intent of disabling the system and server or rendering them inoperational; and

- threatening and harassing employees of telecommunications provider Inteliquent, including by enrolling an Inteliquent paralegal in casual sex dating sites, telling her to kill herself, and calling her and playing loud, hearing damaging noise into the phone.

Through my activities, I gained contacts at scam call centers. I recruited someone from a scam call center to divert victims' money to myself. The victims were identified on a so-called "sucker" list. We would provide the victims "services" of nominal value at predatory prices (what I called a "crazy amount of money"), without disclosing to them that what they were paying was wildly disproportionate to what they were receiving. This resulted in a complaint to my bank and the bank closing my account.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Count 1 of the Indictment.

    b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be five years' probation,

including a term of 12 months' home detention, which I agree is a reasonable sentence. I understand and agree that the terms of probation will include, but not be limited to the following: (1) I must obtain and maintain gainful employment that is not self-employment; (2) I must refrain from participation in the telecommunications industry other than as a consumer; (3) I must refrain from contact with telecommunications companies other than as a consumer; (4) I must not help, enable, direct, or participate in any DDoS attacks, call flooding attacks, or any other computer-enabled attacks on telecommunications systems or other computers; and (5) I must refrain from publishing statements encouraging others to attack or harass telecommunications companies or their employees.

(1)     I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2)     If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of five years' probation including a 12 month term of home confinement will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than five years' probation with a 12 month term of home confinement, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 2 through 5 at the time of sentencing. The United States also agrees not to seek indictment against me for any other computer fraud and abuse violations of which the United States Attorney's Office for the District of Utah is aware at this time.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

e. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline §

3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

    f. **Appeal Waiver.**

    (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

    (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

    (3)    I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

    (4)    I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

    (5)    Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

    g. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement,

my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

      h.  **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

      i.  **Restitution.**

      (1)  I understand that the United States will request and that the Court may order that I pay restitution. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663(a)(3).

      (2)  I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

      (3)  I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

      j.  **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

      k.  **Forfeiture.**

      (1)  I agree to the administrative, civil, or criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest, challenge, or appeal in any way such forfeiture, including the forfeiture of:

- Eight Dell PowerEdge R815 servers in custody of the FBI in Salt Lake City, Utah, seized during a search of Dorsher's residence;
- The domains scammerblaster.com and scammerdestroyer.com

- Email accounts associated with the domains scammerblaster.com and scammerdestroyer.com;
- The X (formerly Twitter) account for username @scammerblaster; and
- Youtube account associated with youtube user "scammerblaster".

(2) I acknowledge that this property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) (applicable under 28 U.S.C. § 2461(c)) and 1030(i).

(3) I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(4) I will not claim the property or oppose its forfeiture, nor help anyone else do so, and will testify truthfully in any forfeiture proceeding. As far as I know, no other third party has an interest in the property. I withdraw any previous administrative forfeiture claims and petitions for remission related to the property. I will not claim property sought for forfeiture from other defendants related to my case. I will sign any documents necessary to ensure that clear title to the property passes to the United States.

(5) I agree to the entry of a forfeiture money judgment in the amount of $291,123.02 as the value of property that facilitated, was involved in, or that I obtained from my offense that is not available for forfeiture because of my acts or omissions. I agree that such property: 1) cannot be located upon the exercise of due diligence; 2) has been transferred or sold to, or deposited with, a third party; 3) has been placed beyond the court's jurisdiction; or 4) has been commingled with other property which cannot be divided without difficulty as provided by 21 U.S.C. § 853(p). I agree to make these payments in installments of $200 per month from the time of judgment. I agree that the government may apply to the court to change the installment payments upon any significant change in my financial status, such as a significant change in salary or receipt of large lump sums. Payments toward the forfeiture money judgment shall be made to: United States Marshals Service, ATTN: Asset Forfeiture Coordinator, 333 Lomas Blvd NW Suite 180, Albuquerque, New Mexico 87102.

(6) I waive any claims I may have against the government, its officers, employees, and agents regarding the seizure, forfeiture, storage, and disposal of the property. I understand that, the United States Attorney's Office for the District of Utah has agreed that it will not seek forfeiture of my home, which is located at 9017 Highway 1, Oakes, North Dakota 58474.

(7) I waive any constitutional or statutory challenges to the forfeiture.

9

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*   *   *   *

I make the following representations to the Court:

1. I am _52_ years of age. My education consists of _high school graduate_. I _can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9.    I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this **31st** day of **January**, **2025**.

_____
THOMAS WILLIAM DORSHER
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this **31st** day of **January**, **2025**.

_____
ADAM BRIDGE
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this **24th** day of **January**, **2025**.

TRINA A. HIGGINS
United States Attorney

_____
CARL D. LESUEUR
Assistant United States Attorney

11